### No. 801

### AMBUHL v. DYMOND

### No. 19817. Supreme Court

On motion to certify. Dock. May 13, 1926; 4 Abs. 322.

593. GUARDIAN AND WARD—Within the purview of 10989 GC. may a guardian be appointed for a person on the ground that the prospective ward is incompetent, without any contention or proof that the incompetency claimed is due to advanced age or mental or physical ability or infirmity?

851. NOTICE—May the next of kin and the prospective ward waive the notice provided in 10989 GC. and consent to the appointment of a guardian or are the provisions concerning notice mandatory and therefore not subject to waiver?

Carrie Ambuhl filed this action originally in the Greene Probate Court against John Dymond her guardian and thereby attempted to terminate the guardianship.

It appears that John Dymond upon his own application was appointed guardian of Carrie Ambuhl, said application alleging only that

Ambuhl is an "incompetent person". A waiver of notice and consent to the appointment was filed by the next of kin of the ward without the provisions of 10989 GC. having been complied with.

The Probate Court refused the application for the termination of this guardianship, which ruling was affirmed by the Common Pleas and the Appeals.

Ambuhl in the Supreme Court contends:

1. That the provision of the statute is mandatory and not subject to waiver and that the giving of notice as provided by the statute is first necessary to confer jurisdiction on the Probate Court.

2. That the application filed for the appointment did not allege grounds upon which the Court could appoint a guardian.

3. That mere incompetency is not a ground for the appointment of a guardian unless it is first established that said incompetency is due to advanced age or mental or physical ability or affirmity as provided by the statute.

Attorneys—Frank H. Dean for Ambuhl; Marshall and Marshall for Dymond; all of Xenia.

Note—Motion to certify overruled, 4 Abs. 405.